Filed 12/6/22 P. v. Smann CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MON SMANN,<br><br>    Defendant and Appellant. | D080056<br><br><br>(Super. Ct. No. SCD131901) |

APPEAL from an order of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge. Affirmed.

Kimberly J. Grove; and Anna Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mon Smann appeals an order denying his second petition to vacate his murder conviction and for resentencing under former Penal Code section

1170.95 (now section 1172.6).[1] His appointed appellate counsel filed an opening brief raising no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Smann also filed a supplemental brief on his own behalf.

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the trial court's order.[2] Accordingly, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

Smann was convicted in 2001 of two counts of first degree murder (§ 187, subd. (a)) and one count of conspiracy to commit murder (§ 182, subd. (a)(1)) based on the killing of two young men who were found dead on the grounds of a high school in 1992 with multiple gunshot wounds. Both men were shot below their right ears and a ligature was found around the neck of one man. The jury made true findings that Smann was armed with a firearm in commission of the murders (§ 12022, subd. (a)(1)) and on special circumstance allegations of multiple murder (§ 190.2, subd. (a)(3)). On direct

---

[1] Section 1170.95 was amended effective January 1, 2022 and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion. All further statutory references are to the Penal Code.

[2] We recognize some courts have ruled that a defendant has no right to *Wende/Anders* review in an appeal from the denial of a section 1172.6 petition for resentencing. (See, e.g., *People v. Figueras* (2021) 61 Cal.App.5th 108, 110–113.) Other courts have concluded that *Wende/Anders* review is not required, but that appellate courts have discretion to conduct such a review in the interests of justice. (*People v. Gallo* (2020) 57 Cal.App.5th 594, 598–599.) Because this issue is currently pending before the Supreme Court (*People v. Delgadillo* (Nov. 18, 2020, No. B304441), review granted Feb. 17, 2021, S266305), we have opted to conduct a *Wende/Anders* review.

appeal, we reversed the judgment on the ground that the trial court prejudicially erred in excluding defense evidence of possible third party culpability. (*People v. Smann* (Nov. 21, 2002, D038219 [nonpub. opn.].)

After remand and a second trial in 2004, a jury again convicted Smann of conspiracy to commit murder and two counts of first degree murder with true findings on allegations that he was armed with a firearm in the commission of the crimes and the special circumstance that he was convicted in this proceeding of more than one murder. With respect to the conspiracy to commit murder charge, the jury found the following overt acts: (1) Smann and his co-conspirator armed themselves with a handgun, (2) they met with the victims, (3) they told the victims they were going to look for girls, (4) Smann placed a yellow cord around the neck of one of the victims to choke and restrain him, (5) Smann restrained the victim while the co-conspirator shot him, (6) Smann and the co-conspirator then fled the scene in the victim's car, and (7) Smann and his co-conspirator took the stereo from the victim's car. The court sentenced Smann to two consecutive terms of life without the possibility of parole for the murder convictions plus one year for the firearm enhancement. The court stayed punishment for the conspiracy to commit murder charge. On appeal, we reversed a restitution fine imposed pursuant to section 1202.45, but we affirmed the judgment in all other respects. (*People v. Smann* (Apr. 25, 2006, D045166) [nonpub. opn.].)

In 2019, Smann filed a petition for resentencing pursuant to section 1172.6. The trial court denied the petition stating the prosecution "did not proceed on either a felony murder" or "natural and probable consequence doctrine in the instant case. Petitioner confessed to his active role in the planning and execution of the murders. Furthermore, the jury made express findings that Petitioner conspired to commit the murders with the intent to

kill, and took active steps to accomplish his intended goal of murder." For these reasons, the court determined Smann failed to make a prima facie showing of eligibility for resentencing. (Emphasis omitted.) Smann did not appeal this order.

In November 2021, Smann filed a section 1172.6 petition for resentencing. The court denied the petition, determining it was "substantively identical to the petition filed in 2019" and Smann proffered "no change in the applicable facts or the law that would justify the re-filing of a previously denied petition." Smann filed a notice of appeal.

His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. The opening brief identified five potential issues to assist this court in conducting its independent review of the record: (1) whether this court should conduct an independent review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436; (2) whether Smann filed a facially sufficient petition under section 1172.6, subdivisions (b) and (c), such that the trial court erred in failing to appoint counsel before considering the record of conviction to determine whether " 'the petitioner makes a prima facie showing that he or she is entitled to relief' "; (3) whether the trial court's summary denial of the petition constituted prejudicial error in violation of Smann's state and federal due process rights; (4) whether, based upon the instructions given, the jury's true finding on the multiple murder special circumstance allegation rendered Smann ineligible for resentencing as a matter of law; and (5) whether, based upon the instructions given, the jury's guilty verdict on the charge of conspiracy to commit murder rendered Smann ineligible for resentencing as a matter of law.

4

Smann filed his own supplemental brief arguing the order denying his petition for resentencing should be reversed based on *People v. Lewis* (2021) 11 Cal.5th 952 because the court did not follow the statutory resentencing procedures, including appointment of counsel. He argued broadly that collateral estoppel should not bar a second petition if there has been an intervening change in the law. However, he did not set forth what change in the law or facts have occurred since his 2019 resentencing petition that would now permit resentencing. Finally, Smann cited *People v. Strong* (2022) 13 Cal.5th 698 which held that a jury's true finding on felony-murder special-circumstance allegations prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 does not preclude a defendant from making a prima facie case for relief under section 1172.6. He claimed the jury's special circumstance findings in this case do not preclude him from making a prima facie case for resentencing because his second conviction predated the *Banks* and *Clark* decisions. He does not acknowledge, however, that the jury did not find special circumstances related to felony murder. Instead, the jury found true special circumstance allegations for multiple murder.

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*. We have also considered the issues identified by counsel in the opening brief and by Smann in his supplemental brief. We have not discovered any arguable issue that would result in a reversal or modification of the trial court's ruling. Competent counsel has represented Smann in this appeal. Accordingly, we affirm the trial court's order.

5

## DISPOSITION

The order denying Smann's petition for resentencing under section 1172.6 is affirmed.

McCONNELL, P. J.

WE CONCUR:

AARON, J.

DO, J.

6